1  McGREGOR W. SCOTT
   United States Attorney
2  STEPHANIE HAMILTON BORCHERS
   Assistant U.S. Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Plaintiff

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

| 11 | UNITED STATES OF AMERICA, | ) | 1:06-CV-00745-AWI-DLB |
|----|---|---|---|
| 12 | Plaintiff, | ) | **FINAL JUDGMENT OF FORFEITURE** |
| 13 | v. | ) | |
| 14 | REAL PROPERTY LOCATED AT 800 W. | ) | |
| 15 | CARDELLA, MERCED, MERCED COUNTY, CALIFORNIA, | ) | |
| 16 | APN: 057-010-032, INCLUDING ALL APPURTENANCES AND | ) | |
| 17 | IMPROVEMENTS THERETO, | ) | |
| 18 | Defendant. | ) | |

19        Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

20        1.    This is a civil forfeiture action against real property located at 800 W. Cardella,

21 Merced, Merced County, California, APN: 057-010-032, (hereafter "defendant real property") and

22 more particularly described as follows:

23        The East half of the Southwest quarter of the Southwest quarter of
          Section 1 Township 7 South, Range 13 East, M.D.B. & M.
24
25        Excepting therefrom the interest as conveyed to Vincent P. McKenna
          and Thomas R. Wright in and to a strip of land 30 feet in width along
          the South line of the above described property as conveyed by Deed
26        recorded February 27, 1912 in Book 103 of Deeds, Page 77.

27        Assessors Parcel No: 057-010-032

28 ///

2.     A Verified Complaint for Forfeiture *In Rem* was filed on June 13, 2006, seeking the forfeiture of the defendant real property, alleging that said real property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841 *et seq.*, an offense punishable by more than one year's imprisonment and is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3.     On June 29, 2006, in accordance with said Complaint, the defendant real property was posted with copies of the Verified Complaint and Notice of Complaint in a manner consistent with the requirements of 18 U.S.C. § 985.  <u>See</u> the Process Receipt and Return filed July 24, 2006.

4.     On July 24, 31, August 7, and 14, 2006, a Public Notice of Posting of the defendant real property appeared by publication in the <u>Merced Sun-Star</u>, a newspaper of general circulation in the county in which the defendant real property is located (Merced County).   The Proof of Publication was filed with the Court on August 31, 2006.

5.     In addition to the Public Notice of Posting having been completed, actual notice was served upon or acknowledged by the following:

    a.     Duval Johnson

    b.     Jennifer Johnson

    c.     Peggy Red

    d.     Charles Johnson Bail Bonds

    e.     Bail USA, Inc.

6.     Apart from Claimants Duval Johnson, Jennifer Johnson, and Peggy Red, no other parties have filed claims and answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.     The judgment is hereby entered against Claimants Duval Johnson, Jennifer Johnson, Peggy Red, and all other potential claimants who have not filed claims in this action.

3.     Upon entry of this Final Judgment of Forfeiture:

a.     Claimant Duval Johnson, as the recorded owner of the defendant real property, forfeits his right, title, and interest in the property by transferring title in the defendant real property to his wife Jennifer Johnson, a married woman, as her sole and separate property within one hundred forty-five (145) days from the date of signing the Stipulation for Final Judgment of Forfeiture filed herein.

b.     Claimant Duval Johnson shall pay to the United States the sum of $237,500.00 as a substitute *res* in lieu of the defendant real property within one hundred forty-five (145) days from the date of signing the Stipulation for Final Judgment of Forfeiture filed herein. Claimant Duval Johnson shall send a cashier's check in the amount of $237,500.00 made payable to the U.S. Marshals Service. The check shall be sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721. Said $237,500.00 shall be substituted as the *res* herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law. Upon payment of the sub *res* and notification of the recorded deed transfer, the United States shall forego any further action against the defendant real property based on the facts alleged in the Verified Complaint. Upon payment of the sub *res* and transfer of the deed on the defendant real property from Claimant Duval Johnson to Claimant Jennifer Johnson, the United States will send a Withdrawal of Lis Pendens to the Merced County Recorder.

4.     If Claimant Duval Johnson fails to transfer the deed to Claimant Jennifer Johnson, as stated in paragraph 3.a above, and fails to pay the United States the sum of $237,500.00 as a sub *res* as stated in paragraph 3.b above, then on or after the 145th day from the date of signing the Stipulation for Final Judgment of Forfeiture filed herein, all right, title, and interest in the defendant real property shall be forfeited to the United States, pursuant to 21 U.S.C. § 881(a)(7) to be disposed of according to the following:

a.     The U.S. Marshals Service shall list the defendant real property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker and shall have sole authority over the marketing and sale of

1  the defendant real property.

2    b.    The U.S. Marshals Service shall have the real property appraised by a licensed

3  appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the

4  defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic

5  notice.

6    c.    If necessary, the U.S. Marshals Service, and any real estate broker or designee

7  of the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the

8  marketing and sale of the property.

9    d.    The following costs, expenses, and distributions shall be paid in escrow from

10  the gross sales price in the following priority and to the extent funds are available:

11    (1)    The costs incurred by the U.S. Marshals Service to the date of close

12        of escrow, including the cost of posting, service, advertising, and

13        maintenance.

14    (2)    Any unpaid real property taxes, which shall be prorated as of the date

15        of entry of the Final Judgment of Forfeiture.

16    (3)    A real estate commission not to exceed the U.S. Marshals Service

17        contractual brokerage fee, and such costs of sale as the U.S. Marshals

18        Service may incur, including, but not limited to, county transfer taxes.

19    (4)    To the United States of America, the sum of $237,500.00.  This sum

20        shall be substituted as the *res* in this forfeiture action, and shall be

21        forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be

22        disposed of according to law.

23    (5)    To Peggy Red, by way of a Deed of Trust recorded on August 30,

24        2002, as document number 2002-041847 in the Official Records of

25        Merced County for the amount remaining from the original amount

26        of $95,625.00.

27    (6)    To Claimants Duval Johnson and Jennifer Johnson  through their

28        attorney James R. Homola at 2950 Mariposa, Suite 250, Fresno,

1    California 93721, all amounts remaining after payments pursuant to

2    ¶ 4.d(1) through (5).

3       f.      Any liens or encumbrances against the defendant real property that appear on

4    record subsequent to recording of plaintiff's Lis Pendens on June 21, 2006, and prior to entry of the

5    Final Judgment of Forfeiture herein may be paid out of escrow.  The full amount paid under this

6    provision shall be deducted from the amount to be paid out of escrow to Claimant Duval Johnson

7    pursuant to ¶ 4.d(6), above.

8       g.      The costs of a lender's policy of title insurance (CLTA policy) shall be paid

9    for by the buyer.

10      h.      All loan fees, "points" and other costs of obtaining financing shall be paid for

11   by the buyer of the defendant real property.

12      i.      Each party shall execute all documents necessary to close escrow, if such

13   signatures are required by the title insurer.

14      5.      Plaintiff United States of America and its servants, agents, and employees and all

15   other public entities, their servants, agents, and employees, are released from any and all liability

16   arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant real

17   property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or

18   damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.

19   The parties waive the provisions of California Civil Code §1542.

20      6.      Claimant Duval Johnson shall maintain the defendant real property in the same

21   condition and repair as existed as of the date of the posting, normal wear and tear expected, until he

22   has transferred title under the deed to Jennifer Johnson, a married woman, as her sole and separate

23   property and paid the sub *res* of $237,500.00 to the United States forfeiting his right, title and

24   interest in the defendant real property.  The term "maintain" shall include, but is not limited to,

25   keeping the property free of hazard and structural defects; keeping all heating, air conditioning,

26   plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping

27   the property clean and performing such necessary sanitation and waste removal; keeping the property

28   in good condition by providing for lawn and yard maintenance; and other ordinary and necessary

items of routine maintenance.

7.     Until Claimant Duval Johnson transfers title of the defendant real property to Jennifer Johnson, a married woman, as her sole and separate property and has paid the sub *res* of $237,500.00 to the United States, Claimant Duval Johnson shall maintain any and all loan payments and insurance policies currently in effect with respect to the real property, including policies covering liability to persons injured on said property and for property damage to the defendant real property. Claimant Duval Johnson shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the secondary beneficiary of the insurance policy.

8.     Until Claimant Duval Johnson has transferred title of the defendant real property to Jennifer Johnson, a married woman, as her sole and separate property and paid the sub *res* of $237,500.00 set forth herein, Claimant Duval Johnson shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

9.     Until Claimant Duval Johnson has transferred title of the defendant real property to Jennifer Johnson, a married woman, as her sole and separate property and paid the sub *res* of $237,500.00 in full to the United States, Claimant Duval Johnson shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

10.     In the event payment is not made by Claimant Duval Johnson to the United States pursuant to this Final Judgment of Forfeiture and paragraph 4 herein becomes effective, Claimant Duval Johnson and/or all others occupying the defendant real property with his consent shall vacate the defendant real property within thirty (30) days after receiving notice that the defendant real property has been placed for sale. Claimant Duval Johnson further shall remove all of his personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of Claimant Duval Johnson's personal possessions, and the personal possessions of any former occupant, not removed within thirty (30) days of his receipt of notice that the defendant real property has been placed on the market will be disposed of by the United States

without further notice.  Neither Claimant Duval Johnson nor any occupant shall remove any fixtures from the defendant real property.  The failure to comply with this paragraph may result in sanctions, including contempt of Court.  Any cost incurred by the United States to evict Claimant Duval Johnson, or for disposal of personal possessions, or to repair damage to the property, shall be deducted from the payment to Claimants Duval Johnson and Jennifer Johnson as set forth in ¶ 4.d(6) above.

11.     There was reasonable cause for the posting of the defendant real property, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

12.     All parties are to bear their own costs and attorneys' fees.

13.     Pending payment of the $237,500.00 or sale of the defendant real property, and disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed June 13, 2006, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

IT IS SO ORDERED.

**Dated:     November 2, 2007**            **/s/ Anthony W. Ishii**
                                UNITED STATES DISTRICT JUDGE